IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

    Petitioner,                    No. CIV S-00-0109 WBS JFM P

    vs.

GEORGE M. GALAZA, Warden,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

           Petitioner is a state prisoner proceeding pro se. On June 13, 2000, his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed when the court granted respondent's motion to dismiss the action as barred by the statute of limitations. In April 20, 2000 findings and recommendations, which were adopted in full by the district court, this court found that the action had been filed after expiration of the statute of limitations and that petitioner had not shown extraordinary circumstances justifying equitable tolling of that period. (Findings and Recommendations, filed April 20, 2000, at 4.) Petitioner filed an appeal. On March 16, 2001, the district court declined to issue a certificate of appealability. On June 20, 2001, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

           Petitioner has now filed a request for reconsideration under Fed. R. Civ. P. 60(b) and asks the court to reconsider its denial of the request for certificate of appealability.

           Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

/////

1

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b); see also Rule 11, 28 U.S.C. foll. § 2254.  "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." <u>Allmerica Financial Life Insurance and Annuity Company v. Llewellyn</u>,139 F.3d 664, 665 (9th Cir. 1997).

   Petitioner seeks reconsideration almost four years after entry of judgment. Although that filing is not necessarily untimely under Fed. R. Civ. P. 60(b), it is untimely as to mistake, inadvertence, excusable neglect, newly discovered evidence or fraud, because it was not brought within one year of entry of judgment.  Fed. R. Civ. P. 60(b)(1), (2) & (3).  In addition, petitioner's contentions that he was limited in his access to the prison law library was rejected as inadequate to support equitable tolling. (<u>See</u> Findings and Recommendations, filed April 20, 2000, at 2-3.)  Accordingly, petitioner has not shown good cause to set aside the judgment entered in this action.

   In the alternative, petitioner requests that the court allow him to file a successive petition.  Petitioner is advised that he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider such an application.  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255; <u>see also</u> 28 U.S.C. § 2244(b)(3).

1    For all of the foregoing reasons, petitioner is not entitled to relief from the
2 judgment entered in this action.
3    Petitioner also requested the appointment of counsel.  There currently exists no
4 absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d
5 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
6 any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing
7 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
8 served by the appointment of counsel at the present time.
9    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's July 7, 2005
10 motion for relief from judgment be denied.
11    These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: July 14, 2005.

UNITED STATES MAGISTRATE JUDGE

dust0109.60b

3