IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

    Petitioner,               No. CIV S-00-0109 WBS JFM P

    vs.

GEORGE M. GALAZA, Warden,

    Respondent.           ORDER

_____/

        On September 9, 2005, petitioner, a state prisoner proceeding pro se, filed a document, the title of which purports to incorporate objections to the findings and recommendations, a request for certificate of appealability and a motion for reconsideration under Fed. R. Civ. P. 60(b). Petitioner previously filed objections to the findings and recommendations and those objections were taken into consideration in this court's September 8, 2005 order adopting the July 15, 2005 findings and recommendations. Plaintiff's motion for reconsideration under Fed. R. Civ. P. 60(b) was resolved by this court's September 8, 2005 order. In light of the procedural posture of this case, petitioner's September 9, 2005 filing will be construed as a notice of appeal, and the Clerk of the Court will be ordered to process his appeal.

        Petitioner's notice of appeal of this court's September 8, 2005 denial of his motion to reconsider the June 13, 2000 entry of judgment denying petitioner's application for a writ of

1

habeas corpus has been timely brought.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

The court declines to issue a certificate of appealability for the reasons that petitioner seeks reconsideration almost four years after entry of judgment, and although that filing is not necessarily untimely under Fed. R. Civ. P. 60(b), it is untimely as to mistake, inadvertence, excusable neglect, newly discovered evidence or fraud, because it was not brought within one year of entry of judgment. Fed. R. Civ. P. 60(b)(1), (2) & (3). In addition, petitioner's contentions that he was limited in his access to the prison law library was rejected as inadequate to support equitable tolling.  Further, the court not allow petitioner to file a successive petition.  See 28 U.S.C. § 2244(b)(3).[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to process petitioner's September 9, 2005 notice of appeal; and

2. Petitioner's September 9, 2005 request for certificate of appealability is denied.

DATED: September 19, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] On March 16, 2001, this court denied petitioner's earlier request for a certificate of appealability concerning the June 13, 2000 judgment. On June 20, 2001, petitioner was also denied a certificate of appealability by circuit judges from the Ninth Circuit Court of Appeals.

2